**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-20770

_____

DAVID MINK,

Plaintiff/Appellant,

VERSUS

AAAA DEVELOPMENT LLC, doing business as
Adamant Development, doing business as Four A
Development, doing business as Upfront, ET AL,

Defendants,

AAAA DEVELOPMENT LLC, doing business as
Adamant Development, doing business as Four A
Development, doing business as Upfront, and
DAVID MIDDLEBROOK,

Defendants/Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

September 17, 1999

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

David Mink appeals the district court's dismissal of his
complaint for lack of personal jurisdiction.  We affirm.

## I. FACTS AND PROCEEDINGS

David Mink is a Texas resident who works in the retail
furniture business.  In January 1997, Mink claims that he began to
develop a computer program, the Opportunity Tracking Computer

System ("OTC"), designed to track information on sales made and opportunities missed on sales not made. On May 13, 1997, Mink submitted a patent application for the computer software and hardware that he developed to the United States Patent and Trademark Office. He also submitted a copyright application for the OTC to the United States Copyright Office.

Mink claims that in June 1997 he was approached by a Colorado resident named Richard Stark at a trade show. Stark allegedly asked Mink if he would be interested in marketing the OTC product with Stark's software at an upcoming computer seminar. Mink gave Stark a full demonstration of the OTC system, including its written material. While Mink initially declined Stark's offer to market the software together, Mink later contacted Stark to discuss the possibility of Stark marketing his product.

Between June 1997 and October 1997, Stark allegedly shared all of Mink's ideas and information on the OTC system with David Middlebrook. According to Mink's complaint, Middlebrook and two companies, AAAA Development and Profitsystems, conspired to copy Mink's copyrighted and patent-pending OTC system and create an identical system of their own for financial gain.

AAAA Development is a Vermont corporation with its principal place of business in Vermont. Middlebrook is a Vermont resident. Neither AAAA Development nor Middlebrook own property in Texas. Mink is silent concerning where his contacts with the defendants occurred. However, we infer that the contacts were not in Texas based on the statement in Middlebrook's affidavit that AAAA has not made any sales in Texas nor has it had any agents or employees travel to Texas or represent it in Texas. The company has advertised in a national furniture trade journal and maintains a website advertising its sales management software on the Internet.

2

On November 7, 1997, Mink filed his original complaint in the United States District Court for the Southern District of Texas against AAAA Development and David Middlebrook, alleging that they conspired to copy Mink's computer program in violation of federal copyright and patent pending rights. AAAA Development and Middlebrook moved to dismiss for lack of personal jurisdiction. The district court granted their motions. Mink filed a motion for reconsideration of the order dismissing AAAA and Middlebrook, adding allegations that the defendants had been actively targeting customers in Texas with cold calls and asserting for the first time that AAAA's Internet website, accessible from Texas, could fulfill the minimum contacts requirement for the exercise of personal jurisdiction. The district court denied the motion for reconsideration. We affirm.

## II. DISCUSSION

The sole issue on appeal is whether the district court erred in dismissing defendants AAAA and Middlebrook for a lack of personal jurisdiction. The district court's determination of the exercise of personal jurisdiction over a defendant is a question of law subject to *de novo* review. *See Felch v. Transportes Lar-Mex S.A. de CV*, 92 F.3d 320, 324 (5th Cir. 1996). When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). We conclude the district court did not err in dismissing the defendants for lack of personal jurisdiction.

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that

3

defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Latshaw v. H.E. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Because Texas's long-arm statute has been interpreted to extend to the limits of due process, we only need to determine whether subjecting AAAA and Middlebrook to suit in Texas would be consistent with the Due Process Clause of the Fourteenth Amendment. *See Electrosource*, *Inc. v. Horizon Battery Technologies*, Ltd., 176 F.3d 867, 871 (5th Cir. 1999) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)).

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw,* 167 F.3d at 211 (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" aspect of the analysis can be established through "contacts that give rise to 'specific' personal jurisdiction or those that give rise to 'general' personal jurisdiction." *Wilson*, 20 F.3d at 647. Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *See id.* (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *See id.*

4

(citing *Helicopteros,* 466 U.S. at 414 n.9). Because we conclude that Mink has not established any contacts directly related to the cause of action required for specific jurisdiction, we turn to the question of whether general jurisdiction has been established.

At the outset, we note that Mink has not met his burden of establishing that the district court had personal jurisdiction over defendant Middlebrook. Mink, however, contends that the district court could exercise personal jurisdiction over AAAA because its World Wide Website is accessible by Texas residents. The issue of exercising personal jurisdiction over a defendant who operates an Internet website without other contacts with the forum state is a question of first impression in the Fifth Circuit.

Courts addressing the issue of whether personal jurisdiction can be constitutionally exercised over a defendant look to the "nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). The *Zippo* decision categorized Internet use into a spectrum of three areas. At the one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which "involve the knowing and repeated transmission of computer files over the Internet...." *Zippo*, 952 F. Supp. at 1124. In this situation, personal jurisdiction is proper. *See id.* (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996)). At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. *See id.* (citing *Bensusan Restaurant Corp., v. King*, 937 F. Supp. 295

5

(S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997)). In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website." *Id.* (citing *Maritz, Inc. v. Cybergold, Inc.,* 947 F. Supp. 1328 (E.D. Mo. 1996)). We find that the reasoning of *Zippo* is persuasive and adopt it in this Circuit.

Applying these principles to this case, we conclude that AAAA's website is insufficient to subject it to personal jurisdiction. Essentially, AAAA maintains a website that posts information about its products and services. While the website provides users with a printable mail-in order form, AAAA's toll-free telephone number, a mailing address and an electronic mail ("e-mail") address, orders are not taken through AAAA's website. This does not classify the website as anything more than passive advertisement which is not grounds for the exercise of personal jurisdiction. *See Zippo,* 952 F. Supp. at 1124.

This case does not fall into the spectrum of cases where a defendant clearly conducted business over the Internet nor does it fall into the middle spectrum of interactivity where the defendant and users exchange information through the Internet. There was no evidence that AAAA conducted business over the Internet by engaging in business transactions with forum residents or by entering into contracts over the Internet. *See CompuServe v. Patterson,* 89 F.3d at 1264-67 (6th Cir. 1996); *Zippo*, 952 F. Supp. at 1125-26.

We note that AAAA's website provides an e-mail address that

6

permits consumers to interact with the company.[1]  There is no evidence, however, that the website allows AAAA to do anything but reply to e-mail initiated by website visitors.  In addition, AAAA's website lacks other forms of interactivity cited by courts as factors to consider in determining questions of personal jurisdiction.  For example, AAAA's website does not allow consumers to order or purchase products and services on-line.  *See Stomp, Inc., v. Neato, LLC,* SA CV 99-669, 1999 WL 635460, *3 & n.7 (C.D. Cal. Aug. 6, 1999) (describing consumers' ability to purchase and pay for products on-line).  In fact, potential customers are instructed by the website to remit any completed order forms by regular mail or fax.

In this case, the presence of an electronic mail access, a printable order form, and a toll-free phone number on a website, without more, is insufficient to establish personal jurisdiction. Absent a defendant doing business over the Internet or sufficient interactivity with residents of the forum state, we cannot conclude that personal jurisdiction is appropriate.

### III.  CONCLUSION

Based on the foregoing, the district court's decision to dismiss Defendants Middlebrook and AAAA Development for lack of

---

[1] The record contains the printed screens from the website, which contain the line, "For more information, e-mail sales@upfrontsoft.com or call toll free (888) 286-6286."  The e-mail address is underlined and printed in a different color ink, possibly indicating an e-mail link, as opposed to simply an e-mail address.  The parties have not focused the Court upon the possibility that the e-mail address includes a link feature, and the Court is unable to verify this feature without going outside the existing record.  We note, however, that the mere existence of an e-mail link, without more, would not change this Court's conclusion that there is no personal jurisdiciton.

7

personal jurisdiction is AFFIRMED.