HOCKERSON–HALBERSTADT, INC.

v.

COSTCO WHOLESALE CORPORATION

No. CIV.A. 91–1720.

United States District Court, E.D. Louisiana.

April 12, 2000.

James E. Uschold, James E. Uschold, PLC, New Orleans, LA, for Plaintiff

Nancy Marshall, Deutsch, Kerrigan & Stiles, New Orleans, LA, David A. Lowe, Lawrence D. Graham, Black, Lowe & Graham, Seattle, WA, for Defendant.

## ORDER & REASONS

FALLON, District Judge.

Before the Court is the motion of defendant Costco Wholesale Corporation ("Costco") to dismiss for lack of personal jurisdiction and venue pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. For the following reasons, defendant Costco's motion to dismiss is GRANTED.

## I. BACKGROUND

Plaintiff Hockerson–Halberstadt, Inc. ("HHI") filed this suit on February 19, 1998, alleging patent infringement by defendant Costco Wholesale Corporation ("Costco"). This case was subsequently consolidated with suits in this Court under Civil Action Number 91–1720, where HHI alleges patent infringement of U.S. Patent Number 4,322,895 and U.S. Patent Number 4,259,792. The case was temporarily stayed pending reexamination by the Patent Office. In this particular suit, HHI asserts that Costco sells infringing footwear through its retail and wholesale membership warehouses.

Prior to filing the instant suit, HHI's attorney sent an e-mail inquiry via the Internet to Costco's headquarters inquiring about Costco's presence in Louisiana and the possibility of shipping Costco merchandise to Louisiana through catalog orders. Costco replied by e-mail that although Costco offered a mail order catalog with some gift items, Costco did not ship from its warehouses, which are located outside of Louisiana. *See* Pl.'s Ex. A–1. By telephone call, HHI's attorney contacted Costco's headquarters and requested a membership application. Costco responded by mailing the application to the attorney in Louisiana. The completed membership application and membership fee were mailed back to Costco. Costco then issued a membership card to the attorney. The membership allowed plaintiff's attorney to enter a warehouse outside of Louisiana and to purchase merchandise from Costco.

HHI contends, and Costco does not dispute, that the alleged infringing footwear is included within the inventory of merchandise available at Costco warehouses.

## II. COSTCO'S MOTION TO DISMISS

Before the Court is Costco's motion to dismiss for lack of personal jurisdiction and venue pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. Costco argues that HHI has presented no evidence that would support personal jurisdiction over Costco in Louisiana, so HHI's complaint should be dismissed for lack of personal jurisdiction and venue. HHI responds that Costco made an "offer to sell" allegedly infringing merchandise to a Louisiana resident, so this Court has specific personal jurisdiction over Costco. HHI alternatively requests that if the Court finds that HHI has not established enough facts to support a finding of personal jurisdiction, it be provided an opportunity to conduct discovery specific to the issue of jurisdiction.

In its motion to dismiss, Costco, which is a Washington corporation with its principal place of business in Washington state, claims that there is no basis for either general or specific jurisdiction over Costco by this Court. Costco asserts that HHI's complaint is telling of the lack of jurisdiction because it alleges no factual or legal bases for jurisdiction in a Louisiana forum. Costco also maintains that it has no "continuous and systematic" contacts with Louisiana because Costco (1) operates no warehouse locations in Louisiana; (2) has no bank accounts, property, offices, agents, or employees in Louisiana; (3) has no inventory, sales records, or business personnel in Louisiana; and (4) is not registered to do business in Louisiana and does not have an agent for service of process in Louisiana. *See* Decl. of Patrick J. Callans 2. Costco further contends that it has never made, sold, distributed or offered to sell the allegedly infringing footwear in Louisiana. *See id.* HHI makes an argument that Costco's maintenance of a website

that does not exclude use by Louisiana residents could constitute sufficient continuous and systematic contacts by Costco to establish general jurisdiction, but HHI offers no legal support for this argument.[1] Thus, the real question is whether Costco made an "offer to sell" that would provide a basis for specific jurisdiction.

With regard to specific jurisdiction, Costco argues that HHI cannot show that its cause of action arises out of or relates to Costco's contacts with the forum. Costco contends that there is no evidence that Costco purposefully directed its activities at Louisiana residents, that the unilateral activities of HHI's attorney do not arise out of or relate to any infringing activities by Costco in Louisiana, and that suit in a Louisiana forum against Costco would be unreasonable and unfair. HHI answers that Costco's response to its attorney's e-mail inquiry and mailing of a membership application to the attorney were activities purposefully directed toward a Louisiana resident, that the sale of a membership to the attorney constitutes an "offer to sell" related to the footwear patent infringement, and that suit in Louisiana against an international corporation like Costco is both reasonable and fair.

## III. PERSONAL JURISDICTION IN PATENT LAW CASES

 When deciding a personal jurisdiction issue in a patent action, a district court should apply Federal Circuit law. *See Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 856 (Fed.Cir.1999). A court may exercise personal jurisdiction over an out-of-state defendant only when

doing so would be (1) permitted by the forum state's long-arm statute, and (2) consistent with due process. *See id.* at 857. If assertion of jurisdiction over the out-of-state defendant is permitted by the relevant state's long-arm statute, the sole inquiry is whether or not exercising personal jurisdiction over the defendant comports with federal due process law. *See 3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1376–77 (Fed.Cir. 1998).

 When an action arises out of or is related to the defendant's contacts with the forum, the court's jurisdiction is referred to as "specific jurisdiction." *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir.1999). When a court's jurisdiction over a defendant is based on the defendant's "continuous and systematic contacts" with the forum state that are entirely distinct from the activities giving rise to the suit, the court's jurisdiction is said to be based on "general jurisdiction." *See id.* at 336.

 Specific jurisdiction exists when an out-of-state defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable. *See id.* at 1378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In *Akro Corp. v. Luker*, the Federal Circuit outlined a three-prong minimum contacts test for determining whether specific jurisdiction exists:

---

1. The effect of the Internet and electronic communication on the traditional law of personal jurisdiction poses challenging questions for the courts. *See Butler v. Beer Cross America*, No. 99–H–2050–S, 83 F.Supp.2d 1261, 1267 (N.D.Ala.2000) (deciding that a federal court sitting in Alabama could not properly assert personal jurisdiction over a nonresident Illinois defendant in an action arising from a sale of beer in Illinois made solely in response to an order placed by an Alabama minor via the Internet). The jurisprudence is developing. *See Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir.1999) (adopting and employing a spectrum of Internet activity to decide questions of personal jurisdiction). This dynamic area will undoubtedly continue to spawn complex legal issues. *See* Tu Phan, *Cybersell, Inc. v. Cybersell, Inc.*, 14 Berkeley Tech. L.J. 267 (1999) (recognizing that Cyberspace knows no national boundaries and allows users to initiate commercial transactions anywhere).

(1) whether the defendant purposefully directed its activities at residents of the forum;

(2) whether the claim arises out of or relates to those activities; and

(3) whether assertion of personal jurisdiction is reasonable and fair.

*Akro Corp. v. Luker*, 45 F.3d 1541, 1545–46 (Fed.Cir.1995). All three prongs of the test must be answered in the affirmative for the exercise of personal jurisdiction to be proper. *See id.* at 1545.

The *Akro* test was recently applied by the Federal Circuit in *3D Systems*. *See 3D Systems*, 160 F.3d at 1378–79. In that case, the Federal Circuit held that an out-of-state defendant was subject to the exercise of personal jurisdiction by a district court in California when the defendant sent eight promotional letters containing price quotations and descriptions of its merchandise to four California companies, solicited orders for models, sent videos and sample parts, issued price quotations to California residents, responded to e-mail requests and purchased parts for its equipment in California. *See id.* at 1378. The court found that the first prong of the *Akro* test was satisfied because defendant's activities were purposefully directed at the state of California. *See id.* The court also found that the second *Akro* prong was met because the price quotation letters contained a description of the allegedly infringing merchandise and the price at which it could be purchased by the California companies. *See id.* at 1379. Finally, the court concluded that the exercise of personal jurisdiction was reasonable and fair given that the defendant purchased parts in the forum state and solicited sales from California residents. *See id.* at 1380.

## IV. ANALYSIS

■ Louisiana's long-arm statute, La. R.S. 13:3201, extends to the limits of constitutional due process. *See Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La.1987). Therefore, the sole question here is whether the exercise of personal jurisdiction, either general or specific, over Costco would comport with federal due process law.

■ As to general jurisdiction, HHI concedes that at the time HHI's complaint was filed, it was aware that Costco did not have the traditional "systematic and continuous" contacts with Louisiana that would support general jurisdiction. *See* Pl.'s Ex. A. HHI avers that Costco's shipment of some $27,902.96 worth of merchandise to Louisiana since November 1998 could constitute continuous and systematic contact with Louisiana. However, even if Costco's activity after filing of suit were relevant to the personal jurisdiction inquiry, and plaintiff concedes it is not, the Court does not agree that such activity, constituting .0000008 of Costco's total sales during the time period, can be termed continuous and systematic. Finally, none of the Louisiana sales included sales of allegedly infringing footwear. *See* Supp. Decl. of Patrick Callans. Because plaintiff has not shown any continuous and systematic presence in Louisiana by Costco, there is no basis for general personal jurisdiction over Costco in Louisiana.

■ As to specific jurisdiction, in this case the first prong of the *Akro* test is not satisfied. Unlike the defendant in *3D Systems*, Costco's response to HHI's attorney's e-mail request for information does not constitute activity purposefully directed at Louisiana, either by nature or by volume. While the defendant in *3D Systems* actively solicited sales from residents of the forum state, Costco's isolated activity here was a result of solicitation by the plaintiff's attorney. In contrast to Aaroflex's active pursuit of sales in *3D Systems*, the response by defendant Costco to HHI's counsel indicates that "Costco is cash and carry" and that Costco does not ship from its warehouses, all of which are located outside of Louisiana. *See* Pl.'s Ex. A–1. The *3D Systems* court found that there was no personal jurisdiction over a parent of a company over which personal

jurisdiction did exist when "[o]n its own, [the parent company] directed no activity toward the residents of California." *See 3D Systems*, 160 F.3d at 1380. In this case, Costco's response to HHI's attorney's inquiry was not an attempt to solicit sales in Louisiana; rather, the e-mail reply informed the attorney that in order to purchase Costco merchandise, he would have to travel outside Louisiana to a Costco warehouse. Costco's actions were not purposefully directed at the state of Louisiana, so the first prong of the *Akro* test is not satisfied.

■ The failure to satisfy the first *Akro* prong is enough to end the inquiry. However, even if the first prong were satisfied, the second prong—whether the cause of action arises out of or directly relates to those (purposefully directed) activities—is not satisfied in this case. HHI contends that Costco's offering or selling of a membership constitutes an "offer to sell" everything in Costco's inventory, including allegedly infringing footwear. This argument fails for two reasons. First, HHI's own evidence indicates that every aspect of membership in Costco entitles HHI's attorney to visit, shop, and buy merchandise only at one of defendant's warehouse locations, all of which are located outside of Louisiana. *See* Pl.'s Ex. A–2. Plaintiff's argument ignores the fact that the Costco brochure makes clear that even if HHI's attorney could purchase infringing footwear at defendant's warehouse, he would have to travel outside of Louisiana to do so. Second, as to HHI's argument that certain gift merchandise was shipped to Louisiana, HHI's attorney's declaration indicates that he understood "that not all products sold in stores would necessarily be available immediately through catalog and/or Internet sales." *See* Pl.'s Ex. A at 2–3. Thus, HHI has not shown that Costco's alleged footwear patent infringement arises out of or directly relates to any Costco activities directed at the state of Louisiana.

Because the first two *Akro* prongs are not satisfied, this Court need not reach the third prong. However, it is significant that the only activity by Costco upon which plaintiff relies was created by plaintiff's counsel. Allowing such action to establish jurisdiction would effectively render jurisdictional prerequisites meaningless since jurisdiction over a defendant could be obtained virtually anywhere a response to an e-mail inquiry could be received. Subjecting defendants to jurisdiction based on such tenuous contacts is inconsistent with the Due Process Clause, because defendants would be deprived of the ability to predict with any assurance where they will be subject to suit. *See Dickson*, 179 F.3d at 336 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Subjecting Costco to suit in a forum where its only contacts are those cultivated by the plaintiff's attorney would be inconvenient for Costco and unreasonable.

■ The Court notes that HHI's attorney was able to contact and elicit a response from Costco through e-mail and telephone inquiries. Even if those isolated actions were not initiated by plaintiff's counsel, they do not, without more, constitute purposeful availment for due process purposes. *See 3D Systems*, 160 F.3d at 1380 (holding that defendant's maintenance of a website viewable in the forum state and e-mail responses were insufficient to establish purposeful availment).

■ In patent cases, personal jurisdiction and venue involve the same analysis and need not be considered separately. *See HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1306–07. Because this Court concludes that the exercise of personal jurisdiction over Costco in this forum is improper, this is also an improper venue.

■ As to HHI's request for an opportunity to conduct jurisdictional discovery, the Court finds that additional discovery would not be fruitful, given the length of time that has elapsed since the filing of

suit and the absence of relevant issues of fact. *See Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1495 (5th Cir.1993). Accordingly, plaintiff's request for additional jurisdictional discovery is denied.

## V. CONCLUSION

The Court concludes that defendant Costco's contacts with Louisiana are tenuous at best and legally insufficient to establish either general or specific bases for the exercise of personal jurisdiction by this Court. Accordingly, Costco's motion to dismiss for lack of personal jurisdiction and venue pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure is HEREBY GRANTED. Plaintiff's complaint against Costco is DISMISSED.