IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2009

Summary Calendar
No. 08-30566

BRAMMER ENGINEERING, INC

Plaintiff - Appellant

v.

EAST WRIGHT MOUNTAIN LTD PARTNERSHIP;
EAST WRIGHT MOUNTAIN LLC

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-cv-01112

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Brammer Engineering, Inc. ("Brammer") appeals from the district court's dismissal of its claims without prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court concluded that defendants East Wright Mount Ltd. Partnership ("the Partnership") and East Wright Mountain, LLC ("EWM LLC") did not have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficient contacts with the state of Louisiana to support the exercise of personal jurisdiction over them. We affirm for the reasons stated below.

BACKGROUND

The parties do not dispute that the Partnership and EWM LLC are residents of Texas. In December 2003, the Partnership, of which EMW LLC is general partner, entered into a Joint Operating Agreement ("JOA") with EnSight Energy Management, LLC ("EnSight") concerning the operation of an energy prospect in Smith County, Texas. Ensight is a Texas corporation and the JOA gave Ensight the right to operate certain wells on the prospect. The JOA includes Texas choice-of-law and forum selection provisions. Ensight in turn executed an operating contract with Brammer, a Louisiana corporation based in Shreveport, for Brammer to act as contract operator for wells operated by Ensight in Smith County. Neither the Partnership nor EMW LLC was party to the contract between Ensight and Brammer.

Brammer subsequently brought the instant suit in the Louisiana state courts against the Partnership and EMW LLC, alleging they are liable for amounts owed to Brammer for drilling a well on the prospect. Brammer alleges its right to payment from defendants arises from Brammer's purported subrogation to Ensight's rights in the JOA. Brammer further alleges it interacted with the Partnership both before and after completing the well, and that the Partnership -- despite being given the option not to complete the well -- elected to have Brammer finish the well.

Defendants removed to the United States District Court for the Western District of Louisiana claiming diversity jurisdiction under 28 U.S.C. § 1332. They subsequently moved for dismissal pursuant to Rule 12(b)(1) for lack of personal jurisdiction. The district court granted the motion without an evidentiary hearing, relying on our decision in Holt Oil & Gas Corp. v Harvey,

801 F.2d 773 (5th Cir. 1986), and dismissed Brammer's claims without prejudice. Brammer timely appealed.

## STANDARD OF REVIEW

We review a dismissal for lack of personal jurisdiction de novo. Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 214 (5th Cir. 2000). "When, as here, the district court conducted no evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction." Id. at 215. "We must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained the parties' affidavits and other documentation." Id.

## DISCUSSION

As a federal court sitting in diversity, the district court may exercise personal jurisdiction over defendants if the Louisiana long-arm statute confers personal jurisdiction over them and the exercise of personal jurisdiction comports with due process under the United States Constitution. See Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). Because the Louisiana long-arm statute extends to the limits of due process, we collapse the usual two-step inquiry into a single question: whether the exercise of personal jurisdiction over the defendants is permissible under the Due Process Clause of the Fourteenth Amendment. Alpine View, 205 F.3d at 215.

The Due Process Clause permits exercising personal jurisdiction over a nonresident defendant if: (1) the defendant has purposefully availed himself of the protections and benefits of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of jurisdiction comports with "fair play and substantial justice." Alpine View, 205 F.3d at 214-15. These minimum contacts may be established through contacts sufficient to support "specific jurisdiction," or contacts so systematic and continuous as to support "general jurisdiction" over the defendant. See Burger King Corp. v. Rudzewicz, 471 U.S.

462, 472 (1985); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). Brammer does not claim that defendants' contacts with Louisiana are sufficient to support the exercise of general jurisdiction, arguing only that due process permits the exercise of specific jurisdiction. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." Mink v. AAAA Development LLC, 190 F.3d 333, 336 (5th Cir. 1999).

Brammer argues that the Partnership established sufficient contacts with Louisiana by: (1) entering into a JOA knowing that twelve of the fourteen parties to the agreement were Louisiana residents and that Ensight had an office in Shreveport; and (2) having dealings with Brammer that necessarily connected with Louisiana, in that there were specific agreements between the Partnership and Brammer, the Partnership required that Brammer provide certain records, and the Partnership required that Brammer conduct an audit of records regarding the well. As the district court correctly held, these alleged contacts are not sufficient to support the exercise of specific personal jurisdiction over defendants.

A forum state may only exercise jurisdiction over a defendant who has "purposefully directed" his activities toward that state. Burger King, 471 U.S. at 476. First, the mere contracting with a resident of the forum state is not in itself sufficient to establish minimum contacts such that the forum state may exercise personal jurisdiction over the defendant. Id. at 479. Thus, the fact that defendants may have been parties to contracts with Louisiana residents, including Brammer, does not give rise to jurisdiction. Second, this court has held that personal jurisdiction does not exist if the defendant's contacts result from "the mere fortuity that the plaintiff happens to be a resident of the forum." Pattersvon v. Dietze, Inc., 764 F.2d 1145, 1147-48 (5th Cir. 1985). Brammer's allegations that defendants sent communications to it in Louisiana, and

requested that Brammer "provide records" or conduct an audit of its records are the type of merely fortuitous contacts that cannot support personal jurisdiction (i.e., they are contacts resulting from the mere fact that the plaintiff is a resident of the forum state and not from any purposeful act of the defendants directed towards the forum state).

The district court correctly analogized the instant case to our decision in Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773 (5th Cir. 1986), where we held on similar facts that the defendant did not have sufficient contacts to support the exercise of personal jurisdiction. Holt was a resident of Texas; the defendant, Harvey, was a resident of Oklahoma. Holt and Harvey entered into a JOA for the drilling of an energy prospect in Oklahoma, with Holt performing the drilling services and Harvey agreeing to pay a share of the drilling costs. When a dispute arose concerning the drilling of a well, Holt filed suit in the Texas federal district court attempting to claim the unpaid portion of the drilling costs. The district court denied Harvey's motion to dismiss for lack of personal jurisdiction, finding specific jurisdiction over the defendant, and this court affirmed but only because Harvey had sufficient contacts with the forum state to give rise to general jurisdiction. See id. at 776, 778.

In support of specific jurisdiction, Holt argued that Harvey had sufficient contacts because he entered into a contract with Holt, a Texas resident; sent a final revised JOA from Oklahoma to Holt in Texas; sent three checks from Oklahoma to Texas "in partial performance of [his] contractual obligations"; and engaged in "extensive" communications with Holt. This court concluded that those contacts could not give rise to specific personal jurisdiction in the forum state. Merely contracting with a resident of the forum state is not sufficient to support personal jurisdiction, and we saw significance in the contract's Oklahoma choice-of-law provision and the fact that "performance of the contract was centered in Oklahoma rather than Texas." Finally, Harvey's mailing

payments or sending communications to the forum state did not support jurisdiction because they did not amount to his "purposeful availment of the benefits and protections of Texas law." Id. at 777-78.

As in Holt, the performance of the contract in this case was not centered in the forum state. Instead, the performance of this contract was centered in Texas, where the energy prospect is located and Brammer drilled the well. Moreover, like the contract in Holt, the JOA in this case contains a Texas choice-of-law provision, as well as a Texas forum selection clause. Finally, defendants' alleged contacts with Louisiana involving records and audits were, at most, merely incidental to performance of the Texas-centered contract and resulted only from the coincidence that Brammer is a Louisiana resident. Such incidental requests, like the communications in Holt, do not evidence defendants' purposeful availment of the benefits and protections of Louisiana law.

Brammer attempts to distinguish Holt because "there is no indication that the plaintiff in Holt contended that significant performance under the JOA was rendered in the forum state." However, we are not persuaded by Brammer's argument that significant performance under the JOA in this case was rendered in the forum state. Here, the JOA dealt with the operation of an energy prospect in Texas, involved the drilling of wells in Texas, called for Texas law to be the governing law, and chose Texas courts as the forum for resolving disputes arising from the contract.

Accordingly, the district court properly granted defendants' motion to dismiss for lack of personal jurisdiction because, even accepting Brammer's uncontroverted allegations as true and viewing the affidavits in the light most favorable to exercising jurisdiction, Brammer failed to establish a prima facie case supporting jurisdiction.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.