# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20487

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2018

Lyle W. Cayce
Clerk

GREATFENCE.COM, INCORPORATED,

Plaintiff - Appellant

v.

DARRICK R. BAILEY; A GREAT FENCE, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1096

Before CLEMENT, HIGGINSON, and HO, Circuit Judges.

PER CURIAM:*

GreatFence, a Texas-based supplier of fencing and gate products, sued Darrick R. Bailey and his company A Great Fence (collectively, AGF), a Florida fencing company, in the Southern District of Texas alleging trademark infringement and unfair competition. In particular, GreatFence complains that two of the website domain names registered and used by AGF infringe on GreatFence's trademark.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20487

The district court dismissed the case for want of personal jurisdiction. AGF has never solicited business nor provided services in Texas. It has no physical presence in Texas—no offices, no telephone listing, no employees, and no agents there. And Bailey has only been to Texas once, for a layover. GreatFence asks us to reverse based on the fact that the company that hosts AGF's allegedly infringing websites is located in Texas. We affirm.

I.

GreatFence owns the federally registered mark "GreatFence." AGF is also in the fencing business, but only provides "services to those located in their area of service in Florida." AGF neither solicits business nor provides services in Texas. And Bailey, its owner, has only been to Texas once, for a layover.

GreatFence sued AGF, alleging that AGF's websites—agreatfence.com and agreatfencestuart.com—infringed GreatFence's mark. AGF's websites allow a user to input his contact information and request a fence installation price quote—there is no other interaction between the website user and AGF. In addition, the websites clearly identify AGF as a fence contractor on Florida's eastern coast: "We provide professional fencing services throughout the Treasure Coast," including "Port St. Lucie, Ft. Pierce, Vero Beach & Nearby Areas."

AGF's websites are its only connection to Texas. And even that connection is tenuous: AGF outsources its website design, maintenance, repair, and updating to a Florida-based IT company, which performs its services in Florida. The Florida-based IT company utilized HostGator, a business based in Houston, Texas, to host AGF's websites.

II.

We review the district court's personal jurisdiction determination *de novo*. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). GreatFence,

2

as the plaintiff, bears the burden of establishing personal jurisdiction over AGF and Bailey. *Id.*

The crux of GreatFence's argument is that the district court had specific personal jurisdiction over AGF because AGF maintained a relationship with HostGator, a Texas web-hosting company. We reject this argument. At least one circuit has held that "the level of contact created by the connection between an out-of-state defendant and a web server located within a forum" is "de minimis." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). According to the Fourth Circuit, it "is unreasonable to expect that, merely by utilizing servers owned by a [Texas]-based company, [AGF] should have foreseen that it could be haled into a [Texas] court and held to account for the contents of its website." *Id.* This is particularly true where, as here, the "administration, maintenance, and upkeep of [AGF's] website had occurred in a state other than [Texas]." *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 217 n.9 (4th Cir. 2001) (internal quotation marks omitted).

We need not decide today whether a web server's location alone *never* suffices to establish personal jurisdiction. We simply hold that it cannot do so here, where there is no allegation, argument, or evidence that the defendants played any role in selecting the server's location—or that its location was selected with the purpose or intent of facilitating the defendants' business in the forum. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 222–23 (5th Cir. 2012) ("it is now well settled that an individual's contract with an out-of-state party"—like HostGator—"*alone* cannot automatically establish sufficient minimum contacts in the other party's home forum") (brackets and internal quotation marks omitted). In short, in the circumstances of this case, we agree with the Fourth Circuit that AGF's use of

HostGator "as a web host does not ground specific jurisdiction over [AGF] in [Texas]." *Carefirst*, 334 F.3d at 402.

GreatFence's argument that personal jurisdiction may be exercised based on the "nature and quality of commercial activity that [AGF] conducts over the Internet" also must be rejected. *Mink*, 190 F.3d at 336. To determine whether personal jurisdiction can be exercised over a defendant based on its Internet presence, our circuit follows the approach developed in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa.1997). *See Mink*, 190 F.3d at 336. Under *Zippo*, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website." *Id.* (quoting *Zippo*, 952 F. Supp. at 1124).

Here, as in *Mink*, there is "no evidence that [AGF] conducted business over the Internet by engaging in business transactions with [Texas] residents or by entering into contracts over the Internet." *Id.* at 337. At most, AGF's websites allow a user to input his contact information and request a price quote for a fence installation—there is no other interaction between AGF and someone who visits its websites. *See id.* ("While the website provides users with a printable mail-in order form, AAAA's toll-free telephone number, a mailing address and an electronic mail ('e-mail') address, orders are not taken through AAAA's website. This does not classify the website as anything more than passive advertisement which is not grounds for the exercise of personal jurisdiction."). Even if offering to provide a quote were enough to render AGF's websites semi-interactive under *Zippo*, AGF otherwise lacks the "nature and quality of online and offline contacts [with Texas] to demonstrate the requisite purposeful conduct that establishes personal jurisdiction." *Pervasive Software*, 688 F.3d at 227 n.7.

In sum, AGF's "actions toward Texas and its affiliation with that state were not so deliberate and substantial that [AGF] should have reasonably

anticipated being haled into court in Texas." *Id.* at 228. *See also Mink*, 190 F.3d at 337 ("[T]he presence of an electronic mail access, a printable order form, and a toll-free phone number on a website, without more, is insufficient to establish personal jurisdiction. Absent a defendant doing business over the Internet or sufficient interactivity with residents of the forum state, we cannot conclude that personal jurisdiction is appropriate.").[1]

Accordingly, the district court's decision to dismiss Defendants Darrick R. Bailey and A Great Fence, L.L.C. for lack of personal jurisdiction is AFFIRMED.

---

[1] Because the district court's ruling was correct as to AGF, so too was its dismissal of Bailey. On appeal, GreatFence does not contend that that jurisdiction over Bailey would be proper absent jurisdiction over AGF.