# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2025

Lyle W. Cayce
Clerk

No. 24-10609

John Paul Boyd,

*Plaintiff—Appellant*,

*versus*

Cleara, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-237

_____

Before Jones, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

John Paul Boyd of Texas sued Cleara, L.L.C., under the Fair Credit Reporting Act for falsely portraying his criminal history in a report prepared for a Massachusetts corporation. That false reporting ultimately led to the denial by a Texas apartment complex of Boyd's rental application. A federal district court in Texas dismissed Boyd's claim for lack of personal jurisdiction. We agree and AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10609

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2023, with his lease due to expire in a month, John Paul Boyd sought a new lease in Arlington, Texas. As part of the application process, apartment complexes required him to undergo a background check. On two separate occasions, his rental applications were denied because of reports that he had been convicted of making a terroristic threat. In truth, that charge had been made but dismissed. Two different businesses prepared these reports: TransUnion Rental Screening Services, Inc. (TURSS) and RentGrow, Inc. Boyd would later discover that RentGrow acquired the false criminal history information from Cleara, L.L.C.

Boyd sued TURSS and RentGrow in the United States District Court for the Northern District of Texas, alleging that the companies negligently or willfully failed to abide by their duties under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–1681x, to "follow reasonable procedures to assure maximum possible accuracy" in preparing consumer reports. 15 U.S.C. § 1681e(b). Boyd later amended his complaint to add Cleara as a defendant. TURSS and RentGrow each settled out of the litigation.

Cleara, on the other hand, moved to dismiss the claim against it for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. It attached a declaration made by its CEO to support its personal jurisdiction arguments. Cleara first argued that it was not subject to general personal jurisdiction, given that it is a Pennsylvania limited liability corporation with its headquarters in Maryland. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–39 & n.19 (2014) (defining the bounds of general personal jurisdiction). Next, Cleara argued that it was not subject to specific personal jurisdiction either: it did not have minimum contacts with Texas, and even if it did, Boyd's claims did not arise out of or relate to those contacts.

2

No. 24-10609

Boyd countered that Cleara was subject to specific personal jurisdiction under the *Calder* effects test. *See Calder v. Jones*, 465 U.S. 783 (1984). On Boyd's telling of events, based on its actions in compiling data from Texas sources, Cleara should have known that Boyd was a Texas resident and that its report would negatively affect a Texas rental application. Alternatively, Boyd requested jurisdictional discovery.

The district court dismissed the claim against Cleara for lack of personal jurisdiction. Putting aside whether Cleara should have known that its report would be used in a Texas rental application, which the district court doubted, the district court stated that mere foreseeability is not enough for specific personal jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295–97 (1980). Regardless of whether Cleara intentionally collected data from Texas sources in preparing its report, the district court rejected the idea that collecting data from the forum state, standing alone, could support specific personal jurisdiction. It relied on a Ninth Circuit case that has since been reversed *en banc*. *See Briskin v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023), *rev'd en banc*, 135 F.4th 739 (9th Cir. 2025). Boyd timely appealed.

## DISCUSSION

Boyd raises three arguments on appeal. The first is that Cleara is subject to specific personal jurisdiction in Texas because it used Texas sources and should have known that its reporting would negatively affect a Texas rental application.

Second, Boyd argues that Cleara is subject to specific personal jurisdiction in Texas because it does significant business in Texas that "relates to" his FCRA claim — namely, collecting records from Texas and preparing reports on Texas residents for Texas businesses. Boyd forfeited this second argument by failing to raise it in the district court. *See Rollins v.*

3

No. 24-10609

*Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021); *Center for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019) (holding that arguments in favor of jurisdiction can be forfeited). We do not address it further.

Third, Boyd argues that the district court should have granted his request for jurisdictional discovery. Boyd's briefing on this point is cursory and undeveloped: he does not state the applicable standard of review for the denial of such discovery,[1] he cites no cases, and he does not "make clear which 'specific facts' he expects discovery to find." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (quoting *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010)). "[G]eneral averments that more discovery will prove our jurisdiction" are not enough. *Id.* Had Boyd presented adequate briefing, Cleara could have responded with its own briefing. The issue has not been engaged. Boyd forfeited this issue by failing to brief it adequately on appeal.[2] *Rollins*, 8 F.4th at 397 & n.1. Again, we do not analyze this issue.

---

[1] The district court did not explicitly deny Boyd's request for jurisdictional discovery. Even so, "[t]he denial of a motion by the district court, although not formally expressed, may be *implied* by the entry of a final judgment or of an order inconsistent with the granting of the relief sought by the motion." *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). The district court's order dismissing the claim against Cleara for lack of personal jurisdiction is inherently inconsistent with granting Boyd's request for jurisdictional discovery. *See id.* at 1022 (observing that an order granting summary judgment for the defendant was inherently inconsistent with granting the plaintiffs' motion to amend). We therefore construe that order as implicitly denying jurisdictional discovery.

[2] To the extent that Boyd briefed the issue more fully before the district court, that does not relieve him of his obligation to press the issue in the body of his opening brief on appeal. *Rollins*, 8 F.4th at 397 n.1 (citing *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993)).

All that remains is Boyd's first argument that Cleara is subject to personal jurisdiction in Texas because it used Texas sources and should have known that its reporting would negatively affect a Texas rental application.

"The district court's determination of the exercise of personal jurisdiction over a defendant is a question of law subject to *de novo* review." *Mink v. AAAA Dev., LLC*, 190 F.3d 333, 335 (5th Cir. 1999). "When personal jurisdiction is challenged, the plaintiff 'bears the burden of establishing the district court's jurisdiction over the defendant.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Mink*, 190 F.3d at 335). A district court may rule on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, but if so, "the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). On this posture, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985).

Boyd argues that Cleara is subject to specific personal jurisdiction in Texas because it reached into Texas to compile information about him and then relayed a false report that it should have known would be used in a Texas rental application. Cleara counters that it is not subject to specific personal jurisdiction in Texas because it never communicated the report to anyone in Texas. Even assuming that it was foreseeable that Cleara's report would be used in Texas, Cleara argues that mere foreseeability is not enough in this context.

No. 24-10609

We agree with Cleara. Boyd's theory of specific personal jurisdiction rests on the *Calder* effects test for intentional torts.[3] Neither this court nor the Supreme Court has ever found that test satisfied when the defendant did not intend for his conduct to have effects in the forum state, and for good reason. The *Calder* effects test requires the defendant's conduct to be "expressly aimed at" the forum state. *Calder*, 465 U.S. at 789. A defendant cannot aim his conduct at the forum state without the knowledge that it will have effects there. For example, the *Calder* defendants wrote and edited a defamatory article about a California resident, using California sources, while knowing that their employer would circulate the article in California. *Id.* at 789–90. This court has made the requirement of actual knowledge abundantly clear:

> Knowledge of the particular forum in which a potential plaintiff will bear the brunt of the harm forms an essential part of the *Calder* test. The defendant must be chargeable with knowledge of the forum at which his conduct is directed in order to reasonably anticipate being haled into court in that forum, as *Calder* itself and numerous cases from other circuits applying *Calder* confirm.

*Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002).

Boyd did not plead that Cleara actually knew its report would be used in a Texas rental application. There was no allegation that Cleara's tortious conduct was aimed at Texas any more than it was aimed at any other state. That kind of untargeted conduct is not enough to subject Cleara to specific personal jurisdiction in Texas. *See Johnson*, 21 F.4th at 318–19.

---

[3] Boyd did not argue this case as a stream of commerce case, and we limit our analysis to what he did argue, which was that he was injured by an intentional tort.

6

Cleara did access information from Texas sources.  That conduct is insufficient, however.  *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 426 (5th Cir. 2005).  Without actual knowledge that its report would be used in Texas, Cleara's knowingly and simply acquiring information from Texas was not aiming *tortious conduct* at Texas.  That is the relevant inquiry.  *See Calder*, 465 U.S. at 789–90; *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) (collecting cases finding a lack of personal jurisdiction "[w]hen the actual content of communications" directed into the forum state did not "give[] rise to intentional tort causes of action").

In *Fielding*, for example, the corporate defendant used Texas sources to write a defamatory article about a Texas resident.  *Fielding*, 415 F.3d at 426.  Because the primary audience was German and the story concerned events that occurred outside of Texas, the corporate defendant did not aim its conduct at Texas and therefore was not subject to specific personal jurisdiction in Texas.  *Id.* at 427.  In other words, because the corporate defendant did not aim its tortious conduct at Texas, the mere fact that the corporate defendant accessed Texas sources did not subject it to specific personal jurisdiction in Texas.  *Id.* at 426–27.  The same is true here: the fact that Cleara accessed Texas sources does not subject it to specific personal jurisdiction in Texas because its tortious conduct was not aimed at Texas.

Without actual knowledge that its report would be used in Texas, Cleara could not have aimed its tortious conduct at Texas.  Based on the facts alleged in Boyd's complaint, Cleara is not subject to specific personal jurisdiction in Texas.  The district court did not err in dismissing the claim against Cleara for lack of specific personal jurisdiction.

AFFIRMED.