# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-10720

———————

JANE DOE, Individually and as Next Friend of Minor T.W.,

> Plaintiff - Appellant

v.

DALLAS INDEPENDENT SCHOOL DISTRICT,

> Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

———————————

Appeal from the United States District Court
for the Northern District of Texas

———————————

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Appellant Jane Doe appeals the district court's dismissal of her Title IX complaint for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA").  For the reasons set forth below, we REVERSE the district court's dismissal of Doe's complaint and REMAND the case for further proceedings.

## I.    Background

Taking the Plaintiff's allegations as true, T.W., a special needs student in Dallas Independent School District ("Dallas ISD"), was repeatedly assaulted by a classmate, V.A.  T.W. and her case manager, Ms. Gray, notified the school. The school's "solution" was to move T.W. and V.A. to different parts of the room.

No. 18-10720

V.A. was assigned to a desk in front of the class bathroom. The abuse did not stop. V.A. allegedly raped T.W. in the class bathroom, a foot away from his desk. Doe, T.W.'s mother, withdrew her daughter after finding out about the rape.

Doe sued Dallas ISD on behalf of T.W., asserting that the school violated T.W.'s rights under Title IX. The district court dismissed Doe's Title IX claim for failure to exhaust her IDEA administrative remedies. The IDEA includes the following exhaustion provision:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [("ADA")], title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(*l*). Though Doe had not sued under the IDEA, the district court concluded that Doe's claim could have been brought as an IDEA claim. It therefore determined that § 1415(*l*) barred Doe's suit until she exhausted her claim.

Doe did not appeal that decision and instead attempted to comply with the district court's direction to exhaust her claims. She filed both a Title IX claim and an IDEA claim with a special education hearing officer. The hearing officer dismissed her IDEA claim because the claim was filed well beyond the one-year statute of limitations. The hearing officer also concluded that he lacked jurisdiction to consider the Title IX claim and dismissed that claim.

Doe then went back to federal court, again asserting only a Title IX claim. In addition to attempting to exhaust her claim, she had the benefit of the recently decided Supreme Court decision, *Fry v. Napoleon Community Schools*. 137 S. Ct. 743 (2017). In *Fry*, the Supreme Court held that § 1415(*l*)'s

No. 18-10720

exhaustion requirement applies only if a plaintiff seeks relief available under the IDEA, which is limited to a student's right to a free appropriate public education ("FAPE"). *Id.* at 748. Doe claimed that *Fry* clarified that she did not need to administratively exhaust her claim under the IDEA because she did not seek relief related to the denial of a FAPE.

Dallas ISD moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court again dismissed Doe's claim, concluding that its previous legal reasoning was consistent with *Fry*. Since the hearing officer had dismissed the IDEA claim as time-barred, which did not exhaust the claim, the district court concluded that Doe's Title IX claim, which the court ruled was intertwined with a potential IDEA claim, was also unexhausted under § 1415(*l*). It dismissed her suit for lack of jurisdiction. Doe now appeals the dismissal of her Title IX claim.

## II.   Jurisdiction and Standard of Review

The district court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction over the appeal as an appeal from a final decision under 28 U.S.C. § 1291. We review a district court's dismissal under Rule 12(b)(1) de novo. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018).

## III.   Discussion

On appeal, Doe argues that § 1415(*l*) should not have barred her Title IX claim. Based on the Supreme Court's recent decision in *Fry*, we hold that if a disabled person seeks Title IX relief that a non-disabled person could also seek and requests relief that is different from or in addition to a FAPE, the IDEA's exhaustion requirement does not apply.[1]

---

[1] Although Dallas ISD argues that this court's recent holding in *McMillen v. New Caney Indep. Sch. Dist.*, 936 F.3d 640 (5th Cir. 2019) requires us to affirm, we disagree. In *McMillen*, we held that because the gravamen of McMillen's complaint was about the defendant's failure to provide him with a FAPE, the IDEA's exhaustion requirement applied even though McMillen sought money damages, a remedy not available under the IDEA. *Id.*

No. 18-10720

In *Fry*, the Supreme Court clarified when § 1415(*l*) requires plaintiffs to exhaust claims under statutes other than the IDEA. *See* 137 S. Ct. 743. A court must look to "the gravamen of a complaint" to determine if § 1415(*l*)'s exhaustion requirement applies. *Id.* at 755. It applies only if a plaintiff "'seeks' relief available under the IDEA—not, as a stricter exhaustion statute might, [when] the suit 'could have sought' relief available under the IDEA." *Id.* at 755. Relief under the IDEA is limited to a student's right to a FAPE. *Id.* at 748–49. "FAPE" is a statutory term of art and is generally centered on a disabled student's access to adequate education by a school. *See* 20 U.S.C. § 1401(9). Thus, to determine whether § 1415(*l*) applies, courts must "examine whether a plaintiff's complaint . . . seeks relief for the denial of an appropriate education." *Fry*, 137 S. Ct. at 755. That "examination should consider substance, not surface. The use (or non-use) of particular labels and terms is not what matters." *Id.* Instead, it is "the gravamen of a complaint" that matters. *Id.*

Doe's complaint is largely about sexual harassment, though it includes allegations related to T.W.'s disabilities and the denial of educational opportunities. In the complaint's thirteen pages of allegations, twelve of those detail the sexual harassment that another student committed against T.W.— including being raped—and explain how school officials were repeatedly notified about the harassment. Doe's complaint does mention that T.W. had learning disabilities and an educational plan, presumably the individualized

---

at 645 (holding that "both the substance and language of McMillen's complaint reveal that he is challenging the denial of a [FAPE]"); *id.* at 648 ("hold[ing] that the IDEA's exhaustion requirement applies to plaintiffs who seek damages for the denial of a [FAPE]"). Here, we do not hold that the gravamen of Doe's complaint was about Dallas ISD's failure to provide her with a FAPE. Thus, we do not reach the issue, which would have implicated *McMillen*, of whether Doe, by requesting money damages, makes the exhaustion requirement inapplicable.

education program required by the IDEA, under 20 U.S.C. § 1414(d). However, she does so primarily to give context that the school had notice regarding T.W.'s inability to protect herself. When the complaint details Doe's cause of action, it states that T.W. was "effectively barred . . . from access to the educational opportunities or benefits provided by Kimball High School and [Dallas ISD]." Doe included this detail because Supreme Court precedent holds that a plaintiff alleging deliberate indifference to student-on-student sexual harassment must prove the denial of an educational opportunity or benefit. *See Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 632–33 (1999) ("[W]e conclude that such an action [i.e., a Title IX claim for a school's deliberate indifference] will lie only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit."). To summarize, the complaint largely focuses on the sexual harassment T.W. suffered, but Doe asserts a legal theory that depends on proving the denial of an educational opportunity or benefit for anyone who brought such a claim (disabled or not).

The parties diverge on how *Fry* applies to Doe's complaint. Dallas ISD contends, and the district court agreed, that because Doe's cause of action required proving the denial of an educational opportunity or benefit, § 1415(*l*) applies. Dallas ISD emphasizes that any "actions that the school district could have taken in response to [T.W.'s] allegations necessarily implicated the school's duties under the IDEA." Similarly, Dallas ISD claims that any actions would have implicated the alleged victim's IDEA rights. Dallas ISD also asserts that the harms T.W. suffered were "educational in nature," reinforcing the fact that the gravamen of Doe's complaint is about the denial of a FAPE.

Doe and the United States, as an amicus, argue that, though the cause of action requires proving the denial of an educational benefit, the allegations are about sexual harassment, not special education opportunities. As the

United States puts it, "the relief that plaintiff seeks is for sexual harassment irrespective of the IDEA's FAPE obligation." Doe's complaint concerns "the denial of a nondiscriminatory environment to which *all* students are entitled."

Dallas ISD is correct that Doe's suit implicates the denial of T.W.'s educational opportunities. Doe must show the denial of an educational benefit to prove her Title IX claim. But the Supreme Court's analysis shows that the emphasis is not on whether a FAPE is potentially implicated; it is on whether the "gravamen" or "essentials" of the complaint concern the denial of a FAPE. *See Fry*, 137 S. Ct. at 755. The Court warned that "a court should attend to the diverse means and ends of the statutes covering persons with disabilities." *Id.* Even though the "same conduct might violate" the IDEA and other statutes and could give rise to an IDEA claim, a plaintiff "might instead seek relief for simple discrimination, irrespective of the IDEA's FAPE obligation." *Id.* at 756.

Here, Doe's claim regards "simple discrimination, irrespective of the IDEA's FAPE obligation." *Id.* Were all traces of T.W.'s disabilities removed, Doe's claim would look nearly identical to what exists now: allegations that the school was deliberately indifferent to T.W.'s sexual abuse. Thus, we conclude that the gravamen of the complaint is not about the denial of a FAPE and that the IDEA's exhaustion requirement does not apply.

*Fry*'s suggestion that courts may look to the "history of the proceedings" to determine the gravamen of the complaint further supports our conclusion. *See id.* at 757. The Supreme Court noted that a plaintiff's initial "pursuit of the IDEA's administrative remedies will often provide strong evidence that the substance of a plaintiff's claim concerns the denial of a FAPE." *Id.* Dallas ISD argues that Doe's decision to pursue administrative proceedings, then to go to federal court before administratively appealing, "is 'strong evidence' that the substance of [Doe's] claim concerns the denial of FAPE." But, as Doe responds, she pursued administrative relief only after the district court dismissed her

claim for lack of exhaustion. Therefore, the litigation history supports Doe, who apparently wanted to avoid the entire IDEA process but engaged it to satisfy the district court's ruling spawned by the Dallas ISD's contentions.

Dallas ISD claims that the two hypothetical questions suggested by the Supreme Court in *Fry* further support that the gravamen of Doe's complaint concerns the denial of a FAPE. These two hypothetical questions are:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?

*Fry*, 137 S. Ct. at 756. If the answers are yes, then the claim is not likely about a FAPE since those hypotheticals take a claim away from the core purpose of the IDEA. *Id.* Dallas ISD argues that the answer to both questions is no.

However, the Court did not limit analysis of this question to answering those two illustrative hypotheticals. Instead, the Court suggested these hypotheticals to help determine "whether the gravamen of a complaint against a school concerns the denial of a FAPE, or instead addresses disability-based discrimination."[2] *Id.* These hypotheticals do not address—and therefore fail to distinguish—whether the gravamen of a complaint concerns the denial of a FAPE or sex-based discrimination. In the situation before us, the proper hypothetical is along the lines of the following question: "Could a student without disabilities bring this same claim?" If the answer is "yes," then the essence of the suit is not the denial of a FAPE, but is instead about sex discrimination. As explained above, Doe's suit is about sex discrimination; a non-disabled student could have brought Doe's allegation that the school was

---

[2] *Fry* concerned whether the ADA and the Rehabilitation Act implicated the exhaustion requirements in the IDEA. 137 S. Ct. at 751–52.

indifferent to her sexual abuse and, in fact, perpetuated it by placing V.A. next to the bathroom that T.W. had to use.  In fact, there have been numerous Title IX claims brought by students who have made similar allegations of a school's indifference to a student-on-student sexual abuse.[3]  Based on the Supreme Court's holding in *Fry*, we hold that Doe did not need to exhaust her administrative remedies under § 1415(*l*), as the gravamen of her complaint was not about the denial of a FAPE.

## IV.    Conclusion

For the foregoing reasons, we REVERSE the district court's grant of Dallas ISD's Rule 12(b)(1) motion to dismiss and REMAND the case for further proceedings consistent with this opinion.

---

[3] *See, e.g.*, *MDB v. Punxsutawney Christian Sch.*, 386 F. Supp. 3d 565, 578–79 (W.D. Penn. 2019); *T.C. ex rel. S.C. v. Metro. Gov't of Nashville*, 378 F. Supp. 3d 651, 684 (M.D. Tenn. 2019); *Doe v. Brown Univ.*, 327 F. Supp. 3d 397, 404, 411 (D.R.I. 2018).