# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2021

Lyle W. Cayce
Clerk

No. 21-30258
Summary Calendar

Lela Logan, Individually and on behalf of her minor child L.L.,

*Plaintiff—Appellant*,

*versus*

Morris Jeff Community School,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-14671

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

In exchange for federal funds under the Individuals with Disabilities Education Act (IDEA), schools are required to provide students with disabilities a "free appropriate public education." 20 U.S.C. § 1412(a)(1)(A).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30258

States receiving funds under IDEA must maintain formal administrative procedures to resolve disputes about the adequacy of a disabled student's education, and aggrieved parties must first seek relief through these procedures before filing a lawsuit. *Id.* § 1415(l). This exhaustion requirement is not limited to claims arising under the IDEA. It also applies to other claims—including those arising under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act—when the substance of the plaintiff's complaint is that a school deprived a disabled student of a free appropriate public education. *See Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017).

Without first seeking relief through administrative procedures, Lela Logan sued Morris Jeff Community School on behalf of her disabled son for violation of the ADA and the Rehabilitation Act, breach of contract, and negligence. The district court held that the substance of Logan's complaint was a denial of a free appropriate public education and dismissed her claims. We affirm.

I.

Logan's son L.L., who suffers from mental health issues, began attending Morris Jeff during his sophomore year of high school. Because of L.L.'s disabilities, the school implemented an individual education program (IEP) for him, which included a behavioral intervention plan (BIP) to address his misbehavior.

The IEP was not a success. Just before winter break, L.L. took a Christmas gift from an administrator's office and hid it in a ceiling tile in a third-floor bathroom. After school officials discovered what L.L. had done, they relocated him from his classroom to the school's intervention room, where L.L.'s behavior deteriorated. He began yelling and ran out of the intervention room into the school, where a security officer physically

restrained him.  In line with the BIP, school officials moved L.L. to the library to give him space to cool down, but L.L. began cursing and throwing books and chairs.  School officials called the police, who placed L.L. in handcuffs and escorted him out of the school.  On the way from the library to the back seat of the police car, L.L. spat at a police officer, who struck L.L. in response.  L.L. was taken to the hospital and later entered a behavioral treatment center for ten months.

After this incident, Logan sued the school for violation of the ADA and the Rehabilitation Act, breach of the IEP contract, and negligent implementation of the BIP.  She did so without pursuing the administrative procedures established under IDEA.  The school sought dismissal for a lack of subject matter jurisdiction under Rule 12(b)(1), arguing that Logan's failure to exhaust her administrative remedies divested the district court of jurisdiction to hear the case.  The district court granted the motion and dismissed Logan's complaint without prejudice.

## II.

As a preliminary matter, we have not yet decided whether a failure to exhaust under IDEA deprives courts of subject matter jurisdiction or is instead a claim-processing requirement which could be forfeited by the party seeking to assert it.  *T.B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1050 n.2 (5th Cir. 2020); *see also Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (holding that Title VII's requirement to first file a charge with the EEOC before going to court is a claim-processing rule and not jurisdictional).  We can avoid the issue again.  Because the school has raised failure to exhaust as a defense, there is no practical difference in whether we treat the issue as jurisdictional under Rule 12(b)(1) like the district court did, or instead treat exhaustion as an element of the plaintiff's claim under Rule 12(b)(6).  *T.B.*, 980 F.3d at 1050 n.2.  Either way, a dismissal would be

without prejudice. *Id.* at 1050 n.2, 1054. And we review both Rule 12(b)(1) and 12(b)(6) dismissals *de novo*. *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE*, 923 F.3d 427, 430 (5th Cir. 2019).

## III.

## A.

The IDEA protects children with disabilities and aims to give them "a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A). Other federal laws, like the ADA and the Rehabilitation Act, similarly guards disabled children from discrimination in school. 42 U.S.C. § 12131; 29 U.S.C. § 794. But while the IDEA establishes formal dispute-resolution procedures that a plaintiff must exhaust before going to court, 20 U.S.C. §§ 1415(b), (f), (i)(2), laws like the ADA and the Rehabilitation Act do not have a similar requirement.

To prevent plaintiffs from end-running the IDEA's exhaustion rules by using other laws to vindicate a disabled student's right to an adequate education, Congress extended the exhaustion requirement to any suit under federal law that "seek[s] relief also available" under the IDEA. 20 U.S.C. § 1415(l). A suit seeks such relief when the plaintiff tries to "remedy the deprivation of the free appropriate public education that the IDEA guarantees." *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 645 (5th Cir. 2019).

A free appropriate public education under the IDEA includes "'instruction' tailored to meet a child's 'unique needs' and sufficient 'supportive services' to permit the child to benefit from that instruction." *Fry*, 137 S. Ct. at 748–49 (quoting 20 U.S.C. §§ 1401(9), (26), (29)). So when a complaint raises the inadequacy of an instruction plan or the lack of support

No. 21-30258

services for students with disabilities, it likely seeks relief that is available under the IDEA. *McMillen*, 939 F.3d at 645.

To determine whether a suit seeks relief that is available under the IDEA, we consider the substance (in legalese, the "gravamen") of the plaintiff's complaint, looking past labels and "attempts at artful pleading." *Id.* at 755. If the substance of the plaintiff's complaint is not readily apparent, the Supreme Court suggested a two-part hypothetical to arrive at an answer: "First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?" *Id.* at 756. If the answer to both questions is no, then the IDEA's exhaustion requirement probably applies to the plaintiff's complaint. *Id.*

B.

The substance of Logan's complaint is the denial of a free appropriate public education.[1] The crux of the complaint is that the school failed to create and implement a BIP for L.L. as part of his IEP. The complaint alleges that the school was "negligent in failing to implement a BIP" and that the school

---

[1] Portions of Logan's complaint sound in pure disability-based discrimination, which is generally outside the scope of the IDEA's exhaustion requirement if alleged under a different federal law. *See, e.g.*, *Fry*, 137 S. Ct. at 756; *Doe v. Dallas Indep. Sch. Dist.*, 941 F.3d 224, 228 (5th Cir. 2019). For example, Logan states that "L.L. was removed and excluded from the campus because of his disability." But these allegations are too entangled with Logan's IDEA-related claims to be extracted and treated as separate claims. Although some courts have analyzed exhaustion on a claim-by-claim basis, we have read *Fry* as directing courts to consider the substance of a complaint as a whole. *Compare T.B.*, 980 F.3d at 1053 n.4 (as a whole), *with Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 132 (3d Cir. 2017), *and Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 785 (10th Cir. 2013) (claim-by-claim).

breached its agreement to provide L.L. with services specific to his IEP.[2] To demonstrate how the school fell short of implementing a BIP, the complaint thoroughly details the incident that led to L.L's hospitalization. The focus of these allegations—the IEP and BIP—are both products of the IDEA. *Fry*, 137 S. Ct. at 749 (explaining that the IEP is the "primary vehicle" that the IDEA uses to provide students with an adequate education) (quoting *Honig v. Doe*, 484 U.S. 305, 311 (1988)).

Logan's complaint further alleges that "L.L. was excluded from the academic environment over ten (10) days" during the school year. This allegation too relies on the IDEA's protections—Section 1415(k)(1)(B) allows schools to move disabled students who misbehave to alternative education settings "for not more than 10 school days." Logan's complaint is thus centered entirely around the denial of rights created by the IDEA. Such a complaint cannot escape exhaustion. *See McMillen*, 939 F.3d at 645, 648 (applying the exhaustion requirement because the complaint relied on rights promised by the IDEA); *Heston v. Austin Indep. Sch. Dist.*, 816 F. App'x 977, 983 (5th Cir. 2020) (holding that a dispute over the adequacy of an educational aide provided through an IEP is subject to exhaustion).

Logan argues that the application of the two-part hypothetical from *Fry* weighs against requiring exhaustion, but her argument is not persuasive. A disabled plaintiff in L.L.'s position cannot bring a lawsuit for a failure to implement an IEP or BIP against a public library or theater—those facilities

---

[2] The text of the IDEA's exhaustion requirement refers only to "Federal laws," 20 U.S.C. § 1415(l), so some courts have held it does not apply to state law claims, *see, e.g.*, *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 693 (8th Cir. 2016). But because Logan does not raise this issue, we do not decide it. In any event, a dismissal of the state claims for failure to exhaust and a dismissal of them under the supplemental jurisdiction statute because no federal claims remain leads to the same result—a without prejudice dismissal of the state claims.

have no obligation to accommodate a disabled student through an individualized program like an IEP. *See Heston*, 816 F. App'x at 982 (applying the two-part hypothetical to a similar situation). Nor would an adult visitor at a school have a claim to an IEP or BIP. *See id.* at 982.

Logan finally argues that because she is seeking damages for emotional distress, a remedy unavailable under the IDEA, the exhaustion requirement does not apply. But we have resolved this issue before. Despite the plausible "textualist case that a claim does not 'seek relief that is also available' under the IDEA if the plaintiff cannot seek the same remedy under the IDEA," we agreed with multiple other circuits that the meaning of "relief available" under the IDEA depends on "the conduct the plaintiff complains about," not the type of remedy that the plaintiff desires. *McMillen*, 939 F.3d at 648.

Logan's complaint is thus subject to the IDEA's exhaustion requirement.

* * *

The judgment of the district court is AFFIRMED.