**REVISED JUNE 6, 2019**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30817

United States Court of Appeals
Fifth Circuit

**FILED**
May 13, 2019

Lyle W. Cayce
Clerk

MCDONNEL GROUP, L.L.C.,

      Plaintiff - Appellant

v.

GREAT LAKES INSURANCE SE, UK BRANCH, Improperly named as Certain Underwriters at Lloyd's, London; LLOYD'S SYNDICATES, CNP 4444 and CNP 958, Improperly named as Certain Underwriters at Lloyd's, London; INTER HANNOVER, Improperly named as Certain Underwriters at Lloyd's, London,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, JONES, and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this appeal, relating to arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards,[1] we address

---

[1] June 10, 1958, 21 U.S.T. 2517.  Congress implemented the Convention by enacting Chapter 2 of the Federal Arbitration Act (FAA), 9 U.S.C. § 201 *et seq.*

No. 18-30817

whether a "conformity to statute" provision[2] amends the insurance contract so as to conform with a conflicting, but preempted, state statute forbidding arbitration in insurance contracts.

McDonnel Group, L.L.C. purchased an insurance policy from the defendants that included a written agreement to arbitrate disputes. After the Insurers denied McDonnel's claim, McDonnel initiated this declaratory and breach of contract action in federal district court. The Insurers moved to dismiss based on the policy's arbitration provision. McDonnel responded that the arbitration provision was "amended out" of the contract through the contract's conformity to statute provision because arbitration conflicted with a Louisiana statute. The district court held, however, that the allegedly conflicting Louisiana statute was preempted by the Convention, and therefore dismissed the case in favor of arbitration. We must decide whether the policy's conformity provision negates the agreement to arbitrate. We hold that it does not and thus AFFIRM the district court.

I.

In fall 2015, McDonnel Group, L.L.C. obtained a builder's risk insurance policy from a group of insurers[3] for a construction project on a property located in New Orleans, Louisiana. Two years later, according to McDonnel, the property suffered significant water damage. McDonnel submitted a claim that the Insurers refused to pay.

---

[2] The conformity provision in this case provides: "In the event any terms of this *Policy* are in conflict with the statutes of the jurisdiction where the *Insured Property* is located, such terms are amended to conform to such statutes."

[3] The insurers consist of Great Lakes, Insurance SE, UK Branch; International Insurance Company of Hannover SE; and Lloyd's syndicates CNP 4444 and CNP 958. For the sake of brevity, we will refer to them collectively as "the Insurers."

No. 18-30817

McDonnel then filed the instant action seeking declaratory relief and damages for breach of contract and breach of the duty of good faith and fair dealing. The Insurers responded by filing a motion to dismiss for lack of subject-matter jurisdiction and improper venue.[4] Fed. R. Civ. P. 12(b)(1), (3). As to both defenses, the Insurers invoked the contract's arbitration provision, which provides:

> Any dispute, controversy or claim arising out of, relating to, or in connection with this *Policy*, shall be finally settled by arbitration. The arbitration shall be conducted in accordance with the International Arbitration Rules of the American Arbitration Association in effect at the time of the arbitration. The seat of the arbitration shall be New York, New York, in the United States of America.

The Insurers argued that the arbitration provision should be enforced, and the case dismissed in favor of arbitration pursuant to the Convention.

The policy, however, also contained a "conformity to statute" provision, stating: "In the event any terms of this *Policy* are in conflict with the statutes of the jurisdiction where the *Insured Property* is located, such terms are amended to conform to such statutes." Invoking that provision, McDonnel responded that any obligation to arbitrate under the Convention did not apply to the instant dispute because the policy's arbitration agreement was, as a matter of law, invalid. The arbitration provision was contrary to La. Rev. Stat. Ann. § 22:868(A)(2), which prohibits arbitration agreements in insurance contracts covering property located in the state. Thus, the conformity provision, McDonnel argued, "amended" the arbitration provision out of the contract in order to "conform" with Louisiana law. Consequently, the dispute between McDonnel and the Insurers was not subject to the Convention.

---

[4] The Insurers also asserted other alternative grounds for dismissal that are not relevant to this appeal.

3

No. 18-30817

The district court disagreed.  Relying on the decision of our en banc court in *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's*, the court held that the Convention superseded La. Rev. Stat. Ann. § 22:868.  587 F.3d 714 (5th Cir. 2009).  Because the state statute was preempted by federal law, the court determined that no conflict existed between the policy and state law so as to trigger the conformity provision of the policy.  Thus, the arbitration agreement remained valid.  The district court, therefore, dismissed the action in favor of arbitration.  The parties, accordingly, present a precise issue in this appeal: does the contractual agreement to conform to state statutes apply when the conflicting state statute has been held as a matter of law to have been preempted by the Convention.

## II.

The standard of review for a dismissal pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) is de novo.[5]  *See Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009).  The well-pleaded factual allegations in the complaint are taken "as true and [we] view them in the light most favorable to the plaintiff."  *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 199, 205 (5th Cir. 2007)).

---

[5] Our court has not decided whether Rule 12(b)(1) or 12(b)(3) is the proper vehicle for a motion to dismiss based on an arbitration provision.  *See Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010).  We have, however, accepted Rule 12(b)(3) as a proper method for seeking dismissal in favor of arbitration.  *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005).  The parties have not raised whether dismissal under Rule 12(b)(1) would also be proper and therefore we will not address this issue.

No. 18-30817

III.

A.

Although quite elemental to say, it is relevant here to point out that under our constitutional system, federal law, including the treaties of the United States, are the "supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. From the Supremacy Clause stems our preemption doctrine: when federal and state law conflict, the state law is nullified. *See Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152–53 (1982). This case presents such a conflict. We thus begin our discussion with a review of the state and federal laws at issue.

First the state law: Louisiana's insurance code. *See* La. Rev. Stat. Ann. § 22:1 *et seq.* Specifically, § 22:868(A)(2) provides that "[n]o insurance contract delivered or issued for delivery in [Louisiana] and covering subjects located . . . in [Louisiana] . . . shall contain any condition, stipulation, or agreement . . . . [d]epriving the courts of [Louisiana] of the jurisdiction of action against the insurer." Louisiana's state courts have interpreted § 22:868 as rendering void arbitration provisions in insurance contracts. *See, e.g.*, *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982) ("Classification of the contract at issue as an insurance contract renders the arbitration provisions of that contract unenforceable under [§ 22:868].").

Next the federal law. In 1970, the United States acceded to the Convention, an international commercial treaty, to "encourage the recognition . . . of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). The Convention requires signatory states to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or

5

which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration." Convention art. II(1). When the Convention is applicable, courts of signatory states must "at the request of one of the parties, refer the parties to arbitration, unless it finds that the . . . agreement is null and void, inoperative or incapable of being performed." *Id.* at art. II(3). This court has succinctly described the Convention's trigger as consisting of four elements; a district court must dismiss a case in favor of arbitration "if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002). Like all treaties, the Convention ordinarily preempts conflicting state laws. *See, e.g.*, *Lim*, 404 F.3d at 904.

But the appeal today presents a twist. The McCarran–Ferguson Act, passed by Congress in 1945, protects state laws regulating the insurance industry from the preemptive effect of federal law. This Act "declares that the continued regulation . . . by the several States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation . . . of such business by the several States." 15 U.S.C. § 1011; *see also* 15 U.S.C. § 1012(a) ("The business of insurance . . . shall be subject to the laws of the several States."). To shield state regulation from unintended federal interference, the Act provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of

insurance."[6]    *Id.* § 1012(b).    In other words, the McCarran–Ferguson Act permits states to reverse-preempt an otherwise applicable "Act of Congress" by enacting their own regulations of the insurance industry.

Against this background, in *Safety National*, our en banc court addressed whether, under the McCarran–Ferguson Act, La. Stat. Rev. § 22:868 reverse-preempted the Convention or its implementing legislation.  587 F.3d at 717. We found that it did not.  An "Act of Congress," as referred to in the McCarran–Ferguson Act, does not include a treaty, such as the Convention, which "remains an international agreement or contract negotiated by the Executive Branch and ratified by the Senate, not by Congress."  *Id.* at 723 (footnotes omitted).  This governing principle is true whether the treaty is self-executing or requires implementing legislation.  *Id.* at 723–24.  And, importantly, the FAA itself points towards the Convention, stating that "[i]t is *the Convention* [not the congressional legislation] under which legal agreements 'fall.'"  *Id.* at 724 (quoting 9 U.S.C. § 202).  It is therefore the Convention itself, *i.e.*, the treaty, not the FAA, *i.e.*, the federal statute that codified the treaty, that supersedes Louisiana law.  *Id.* at 724–25.  Thus, the en banc court held that, because "the Convention, an implemented treaty . . . supersedes state law, the McCarran–Ferguson Act's provision that no 'Act of Congress' shall be construed to supersede state law regulating the business of insurance is inapplicable."  *Id.* at 725.  To the point: the McCarran–Ferguson Act does not permit state laws to reverse-preempt the Convention.  *Id.* at 732.  This appeal is not yet resolved, however.

---

[6] The Act does contain an exception if the "Act [of Congress] specifically relates to the business of insurance."  15 U.S.C. § 1012(b).  The Convention does not relate to the business of insurance, so this exception does not apply.  *See Safety Nat'l*, 587 F.3d at 720.

No. 18-30817

B.

We now turn to the analysis of the precise issue before us, which we break down as follows: whether (1) an agreement to arbitrate (2) provided in an insurance policy (3) is voided by the policy's conformity provision (4) when the conflicting state law prohibiting arbitration (5) has been preempted by the Convention.[7] McDonnel argues that the arbitration provision was amended by deletion from the contract *ab initio* because it conflicts with La. Rev. Stat. Ann. § 22:868. The Insurers respond that there is no conflict between the contract and § 22:868 because the Convention preempts this state law.

This issue, which is only a question of contract interpretation, is of first impression. Although *Safety National* has already decided the more difficult questions regarding preemption and reverse preemption, the insurance contract in that case did not contain a conformity provision. So, what does the contract between McDonnel and the Insurers provide? We focus on two provisions. First, it contains a conformity provision, which amends the terms of the contract to conform to state statutes. But that provision only applies "[i]n the event any terms of [the] *Policy* are in conflict with the statutes of the jurisdiction where the *Insured Property* is located." Second, the policy contains an arbitration provision. It is the arbitration provision of the insurance policy that is said not to conform with La. Rev. Stat. Ann. § 22:868, a statute prohibiting arbitration agreements. This state statute, however, as we held in *Safety National*, is preempted by the Convention.[8] Because the state statute,

---

[7] A reminder that we have already held that the Convention preempts this Louisiana statute. *See Safety Nat'l*, 587 F.3d at 732.

[8] The Convention's requirements are clearly met in this case. The provision is a written agreement to arbitrate the dispute; it provides for arbitration in a signatory country, the United States; it arises from a commercial legal relationship, an insurance contract; and the Insurers are not American citizens. *See Francisco*, 293 F.3d at 273.

8

No. 18-30817

*i.e.*, La. Rev. Stat. Ann. § 22:868, is preempted by the Convention, the statute does not and cannot apply to McDonnel's policy. And because the statute does not apply to the policy, there is no conflict between the policy and the state statute. With that premise established, the conformity provision is not triggered; its inapplicability leads only to the conclusion that the arbitration provision survives, undiminished by state law.[9] The district court judgment in favor of the Insurers will be and is

AFFIRMED.

---

[9] Our holding is consistent with our precedent that conformity provisions in insurance contracts are not triggered when the conflicting state law is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq. See La. Health Serv. & Indem. Co. v. Rapides Healthcare Sys.*, 461 F.3d 529, 533 (5th Cir. 2006) ("Neither [conformity] provision displaces the preemption analysis in this case. ERISA plans must always conform to state law, but only state law that is valid and not preempted by ERISA."); *Light v. Blue Cross & Blue Shield of Ala., Inc.*, 790 F.2d 1247, 1248 (5th Cir. 1986) (holding that because "ERISA pre-empts state law, there is no applicable state law to which the administrator must conform").