# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2021

Lyle W. Cayce
Clerk

No. 21-30098

Admar International, Incorporated; Luv N Care,
Limited,

*Plaintiffs—Appellants*,

*versus*

Eastrock, L.L.C., doing business as Haakaa U S A,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CV-904

Before Higginbotham, Smith, and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

Merely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create the "minimum contacts" necessary to establish personal jurisdiction in the forum state under *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The defendant must take the additional step of targeting the forum state in a manner that reflects "purposeful availment" of the opportunity to do business in that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475

No. 21-30098

(1985).  No such step was taken here, so we affirm the dismissal of this case for lack of personal jurisdiction.

## I.

Plaintiffs Luv N' Care, Ltd. and Admar International, Inc. are in the baby products business.  They allege that Eastrock, LLC—a Wisconsin company with its principal place of business in Wisconsin—committed copyright and trade dress infringement by displaying copies of their products on its website.

Plaintiffs might have sued Eastrock in Wisconsin.  They instead chose Louisiana.  But Eastrock has no offices, no salespeople, and no stores in that state.  Nor is Eastrock licensed to do business there.  And although a few third-party stores in Louisiana carry Eastrock's products, none of these stores carry the products at issue in this appeal.

Instead, the accused products are available only on Eastrock's website, as well as on three third-party sites: Amazon.com, Target.com, and buybuybaby.com.  Eastrock has neither sold nor shipped a single accused product to a Louisiana resident through its website.  As for Amazon and Target, Eastrock delivers the products to distribution centers—none of which are in Louisiana—but is not involved in sales or shipments to consumers. Finally, Eastrock "drop-ships" products for BuyBuyBaby—that is, BuyBuyBaby first sells a product to a consumer, and then it purchases the product from Eastrock, who then ships the item directly to the consumer.  Under this scheme, only one accused product has been shipped to a Louisiana resident.

To be sure, Eastrock does publicly display the accused products on its website, where it advertises the products and offers them for sale.  But Eastrock does not direct any advertising at Louisiana in particular.  Eastrock

simply runs an interactive website that is accessible throughout the United States.

Eastrock moved to dismiss for lack of personal jurisdiction. The magistrate judge determined that Eastrock's website was not enough to create minimum contacts with Louisiana and thus recommended that the motion be granted. The district court agreed and dismissed the suit. Plaintiffs now appeal.

## II.

Personal jurisdiction is a question of law reviewed de novo. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). The Supreme Court has repeatedly reaffirmed that, as a matter of due process, courts may exercise personal jurisdiction over a nonresident defendant only if "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction . . . does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 336 (quoting *Int'l Shoe*, 326 U.S. at 316).

Forum contacts may be sufficient to give rise to either specific or general jurisdiction. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted). In this appeal, Plaintiffs rely only on specific jurisdiction.

We apply a three-step test to determine whether specific jurisdiction exists. First, Plaintiffs must show that Eastrock has minimum contacts with Louisiana—that Eastrock purposefully directed its activities at Louisiana and availed itself of the privilege of doing business there. *See, e.g.*, *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). Second,

Plaintiffs must show that their cause of action arises out of Eastrock's Louisiana contacts. *See id.* And third, if Plaintiffs satisfy the first two steps, then Eastrock must show that exercising jurisdiction would prove unfair or unreasonable. *See id.* We conclude that Plaintiffs have failed at the first step—purposeful availment—and thus have no occasion to address steps two and three.

"The analysis applicable to a case involving jurisdiction based on the Internet should not be different at its most basic level from any other personal jurisdiction case." *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 226–27 (5th Cir. 2012*)* (cleaned up). To assess the existence or absence of purposeful availment based on activities on the Internet, this court has adopted the framework set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Mink*, 190 F.3d at 336. Under *Zippo*, a defendant has purposefully availed itself of the benefits and protections of the forum state if it "enters into contracts with residents of [the] foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." 952 F. Supp. at 1124. It has not done so simply by posting information on a passive website. *Id.* Between those extremes, purposeful availment turns on "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.*

At bottom, *Zippo* seeks to answer the question: Has the defendant targeted the forum state? *See Pervasive Software*, 688 F.3d at 228. The touchstone of personal jurisdiction remains the existence of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 222 (quotations omitted).

Plaintiffs essentially rest their case for personal jurisdiction on Eastrock's website. Their argument can be distilled to this: (1) Eastrock runs an interactive website; (2) the accused products are illegally displayed, advertised, promoted, and offered for sale on the website; (3) the website targets the entire United States, so Eastrock has minimum contacts with Louisiana, and (4) this suit arises from those contacts.

Missing here is any evidence that Eastrock's website specifically targets Louisiana. To be sure, Eastrock's website is more than passive—the site receives purchases, allows customers to create accounts, and accepts product reviews. But there is no evidence that Eastrock has "engag[ed] in business transactions with forum residents" or entered contracts with them. *Mink*, 190 F.3d at 337 (citing *Zippo*, 952 F. Supp. at 1125–26).

That leaves us in the middle of the *Zippo* spectrum, so we must consider "the level of interactivity" of Eastrock's website. *Id.* at 336. And as we explained in *Pervasive Software*, "[w]ebsite interactivity is important only insofar as it reflects . . . purposeful targeting of residents of the forum state." 688 F.3d at 228 (quotations omitted). *See also id.* at 227 n.7.

Plaintiffs contend that Eastrock's interactive website targets the entire United States, and so it necessarily targets Louisiana. But we have previously rejected this "greater includes the lesser" theory. In *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002), the plaintiff brought a defamation action in Texas against two out-of-state defendants. *Id.* at 469. The suit arose from an article that one defendant posted to an online bulletin board published and operated by the other defendant from New York. *Id.* We rejected personal jurisdiction over both defendants, reasoning that the allegedly defamatory article was accessible in Texas, but it "was not directed at Texas readers as distinguished from readers in other states." *Id.* at 473. *See also id.* at 475 ("[T]he post to the bulletin board here was presumably directed at the entire

world, or perhaps just concerned U.S. citizens. But certainly it was not directed specifically at Texas.").

Similarly, in *Pervasive Software*, we observed that a German defendant "ha[d] no offices or sales agents in Texas and solicit[ed] no business there through advertising *targeted specifically to Texas*." 688 F.3d at 228 (emphasis added). Although the defendant's "website [was] accessible worldwide," *id.* at 218, its "actions of making its [products] internet-accessible were not purposely directed toward Texas," *id.* at 227. We concluded that personal jurisdiction failed because the defendant's website was merely accessible in the forum and did not target the forum. *Id.* at 227–28.

So too here. Louisiana residents can access Eastrock's website, no less than residents of other states. But as our cases suggest, and as we now expressly hold, a defendant does not have sufficient minimum contacts with a forum state just because its website is accessible there. The defendant must also target the forum state by purposefully availing itself of the opportunity to do business in that state. And here, there is no evidence that Eastrock targets Louisiana: Eastrock has not sold a single accused product to a Louisiana resident, and it solicits no business there through targeted advertising. That ends this case.

Our sister circuits have confronted the same question we face today and reached the same outcome. *See, e.g.*, *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."); *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the

forum state.'"); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) (rejecting argument that the "mere accessibility of the defendants' websites establishes the necessary 'minimum contacts' with [the] forum").

To hold otherwise would be too much. Take this case: If Eastrock has minimum contacts with Louisiana, then it has minimum contacts with all 50 states, for no other reason than that it put up a website. No other circuit has endorsed such a sweeping view. Neither do we.[1]

\* \* \*

The Internet is premised on the lack of territorial limits. Personal jurisdiction works just the opposite. Merely running a website that is accessible in the forum state does not constitute the purposeful availment required to establish personal jurisdiction under longstanding principles of due process. We accordingly affirm.

---

[1] Plaintiffs also suggest in passing that Eastrock may have established minimum contacts with Louisiana when it shipped an accused product for BuyBuyBaby. But Eastrock's delivery of a single $13 product to Louisiana is the type of isolated act that does not create minimum contacts. *See Pervasive Software*, 688 F.3d at 228 ("A corporation's sales to forum residents must be more than 'isolated' occurrences for the assertion of jurisdiction to satisfy the requirements of due process.").