# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30909

————————

Sergio Garcia Fernandez,

*Plaintiff—Appellant*,

*versus*

Michael Phillip Jagger, professionally *known as* Mick Jagger, collectively and professionally *known as* The Rolling Stones; Keith Richards, collectively and professionally *known as* The Rolling Stones; UMG Recordings, Incorporated; BMG Rights Management US L.L.C.,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-891

————————————————————

Before Clement, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Sergio Garcia Fernandez sued Rolling Stones frontmen Michael (Mick) Phillip Jagger and Keith Richards and their music distributors, UMG

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30909

Recordings, Incorporated and BMG Rights Management US L.L.C., for copyright infringement in the Eastern District of Louisiana. The district court dismissed the suit after holding that it lacked personal jurisdiction over the defendants and venue was improper. Because the district court lacked personal jurisdiction over the defendants, we AFFIRM.

I.

Fernandez is a Spanish musician who performs under the name "Angelslang." Fernandez alleges that in 2013, he shared a demo CD that included the songs "So Sorry" and "Seed of God (Talent in the Trash)" with an "immediate family member" of Jagger. Fernandez contends that the Rolling Stones "misappropriated many of the recognizable and key protected elements" of Fernandez's songs in their 2020 track "Living in a Ghost Town."

Fernandez—who is domiciled in Spain and has no apparent ties to Louisiana—sued for copyright infringement in the Eastern District of Louisiana in May 2023. The defendants, who are likewise non-residents of Louisiana,[1] moved to dismiss contending that the district court lacked personal jurisdiction over the defendants and that venue was improper under Federal Rule of Civil Procedure 12(b)(3) and the doctrine of *forum non conveniens*. The district court granted the motion, holding that it lacked personal jurisdiction over the defendants and venue was improper.

Fernandez then moved to amend or alter the judgment, suggesting that the district court should instead transfer the case to the Southern

---

[1] Jagger is a citizen of the United Kingdom and is not domiciled in any state in the United States. Richards is also a citizen of the United Kingdom but is domiciled in the State of Connecticut. BMG US is a Delaware limited liability company with its principal place of business in New York. UMG is a Delaware corporation with its principal place of business in California.

District of New York, which the district court denied. Fernandez now appeals.

## II.

"This Court reviews *de novo* the district court's determination regarding personal jurisdiction." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018). "We accept the plaintiff's uncontroverted, nonconclusional factual allegations as true and resolve all controverted allegations in the plaintiff's favor." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). The standard of review for a dismissal under Federal Rule of Civil Procedure 12(b)(3) is likewise *de novo. McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 (5th Cir. 2019). We review the denial of motions to alter or amend a judgment for abuse of discretion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

### A.

"[Personal] jurisdiction and venue, while comprising many of the same considerations, are not the same thing." *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir. 1966). A court lacks personal jurisdiction over a defendant where a defendant's "contacts with the forum [are] so minimal that it would be patently unfair, let alone inconvenient, to require him to defend an action there." *Id.* In other words, personal jurisdiction concerns fairness and the due process protections the Constitution ensures. *Id.*; *see also Douglass v. Nippon Yusen Kabushiki Kaisha,* 46 F.4th 226, 236 (5th Cir. 2022) (en banc) (holding that the Fifth Amendment's due process test for personal jurisdiction mirrors the Fourteenth Amendment's test), *cert. denied*, *Douglass v. Kaisha*, 143 S. Ct. 1021 (2023). Venue, by contrast, "refers to locality, the place within the relevant judicial system where a lawsuit should be heard according to the applicable statutes or rules." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 303 n.20 (5th Cir. 2024) (citing 14D CHARLES

No. 23-30909

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3801 (4th ed.)). Thus "Congress may . . . establish different venue requirements for various kinds of cases, depending on its estimation of the relative inconvenience of requiring a defendant to litigate in a particular forum." *Manning*, 366 F.2d at 697. But where the absence of personal jurisdiction is the basis for challenging venue, "the question of venue is essentially swallowed by the jurisdictional analysis." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 n.2 (10th Cir. 2008) (Gorsuch, J.).

Absent a controlling federal statute regarding service of process, personal jurisdiction in federal court is governed by the law of the forum state. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 416 (5th Cir. 1993). "The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits." *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010). "Therefore, the inquiry is whether jurisdiction comports with federal constitutional guarantees." *Id.*

Although "[p]ersonal jurisdiction can be general or specific," this case only concerns the latter. *Carmona*, 924 F.3d at 193 (alteration in original). We apply a three-step test to determine whether specific jurisdiction exists. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). We consider:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

No. 23-30909

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)), *abrogated on other grounds by Water Splash, Inc. v. Menon*, 581 U.S. 271, 272–76 (2017).

We first discuss the defendants' contacts with Louisiana.[2] Fernandez alleges that the defendants:

> initially released and distributed the infringing work in the State of Louisiana, United States and worldwide as a digital download single for purchase on all major music download sites, including but not limited to, iTunes, Amazon Music, and Google Play, and for streaming on all major streaming services, including, but not limited to Apple Music, Tidal, Spotify, You[T]ube Music, Pandora, and Amazon Music. Subsequently, the Defendants distributed and released the infringing work within the State of Louisiana, United States

---

[2] The parties' briefing discusses the defendants' contacts with the district, *i.e.*, the Eastern District of Louisiana, rather than the State of Louisiana. But the defendants' alleged contacts with the Eastern District of Louisiana are one and the same as their contacts with the State of Louisiana; Fernandez does not allege that the defendants have any other contacts in Louisiana besides those alleged in the Eastern District.

The parties' focus on the district, rather than the state, stems from their assumption that the venue statute for copyright claims, 28 U.S.C. § 1400(a), is generally coextensive with personal jurisdiction, but concerns a defendant's contacts with a judicial district rather than the state. Although this appears to be the majority view, our circuit has not yet endorsed this interpretation of 28 U.S.C. § 1400(a). *Compare Manning*, 366 F.2d at 697–98, *with AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 996–97 (D.C. Cir. 2014), *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004), *and Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc.*, 8 F.3d 441, 446 (7th Cir. 1993); *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3819 (4th ed.). As explained below, because the district court lacked personal jurisdiction over the defendants, we need not reach the issue of venue here. *See Dudnikov*, 514 F.3d at 1069 n.2; *see also R J Reynolds Tobacco Co. v. FDA*, 96 F.4th 863, 887 (5th Cir. 2024) (this court "may affirm on any ground supported by the record and presented to the district court") (cleaned up).

5

and worldwide on a compact disc (CD) single and 10 [inch] vinyl for purchase on . . . The Rollings [sic] Stones' website.

Fernandez contends that these contacts alone are sufficient to establish specific jurisdiction over the defendants. In other words, Fernandez asks us to hold that making music available on the internet is sufficient to establish specific jurisdiction in Louisiana and any other state whose long-arm statute is coextensive with the Constitution.

But our court has explained that "[m]erely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create 'minimum contacts' necessary to establish personal jurisdiction in the forum state." *Admar*, 18 F.4th at 785 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320–21 (5th Cir. 2021) (explaining that "Texans visit[ing] [a] [web]site, clicking ads and buying things there" did not amount to purposeful availment). In so doing, we rejected the theory that if a defendant's website targeted the entire United States, it necessarily targeted Louisiana. *Admar*, 18 F.4th at 785 (citing *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214 (5th Cir. 2012)). So too here. Fernandez has not alleged that the defendants have targeted Louisiana in any particularized way beyond making music generally available on the internet.

Fernandez nonetheless argues that the district court had personal jurisdiction over the defendants "because it was foreseeable that the infringing copyrighted works would reach Louisiana." But we've rejected that theory too: "[a]ccessibility [on the internet] alone cannot sustain our jurisdiction." *TheHuffingtonPost.com*, 21 F.4th at 320. If it could, "lack of personal jurisdiction would be no defense at all." *Id.*

Not only do the defendants lack minimum contacts with the forum, but there is no connection between the forum and the specific claims at issue.

*See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 265 (2017). "Living in a Ghost Town" was written and recorded outside of Louisiana and was distributed nationwide without a particular emphasis on Louisiana. Moreover, Fernandez does not even allege that he shared his demo CD with the unnamed relative of Jagger in Louisiana. As we explained in *Ham v. La Cienega Music Co.*, simply marketing an allegedly copyright-infringing song to the "broadest possible geographical basis"—including the forum state—amounts to a "highly attenuated relationship" between the allegedly unlawful acts and the forum state that is insufficient to establish minimum contacts. 4 F.3d at 416 (explaining that "resolution of [that action] depend[ed] solely upon whether 'La Grange' infringed copyrights . . . . Exploitation of the . . . copyrights by the defendants in no way relates to the merits of that question"). Thus, exercising personal jurisdiction over the defendants would offend due process.

## B.

Lastly, Fernandez appeals the district court's denial of his request to amend or alter the judgment. Fernandez's motion asked the court to transfer the case to the Southern District of New York rather than dismiss it.

A party seeking to alter or amend a judgment under Rule 59(e) must show at least one of the following: (1) an intervening change in the controlling law; (2) newly discovered evidence that was previously unavailable; or (3) the need to correct a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). "A motion . . . to amend a judgment cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019). What's more, it is "an extraordinary remedy that should be used sparingly." *Rollins v. Home Depot USA*, 8 F.4th

No. 23-30909

393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

As the district court explained, "[e]very fact available to Fernandez at the time he filed the [Rule 59(e) motion] was available to him previously." Fernandez raised no intervening change in law or newly discovered evidence, nor did he identify any manifest error of law or fact in his motion. Thus, the district court did not abuse its discretion in denying the motion.

## III.

For the foregoing reasons, we AFFIRM.